### CAVANAGH *v.* OCEAN STEAM NAV. CO.

*(Supreme Court, General Term, First Department.*   October 24, 1890.)

PLEADING—MOTIONS TO STRIKE OUT.

> In an action by an administrator for damages for the death of his intestate from injuries by the collision of two British ships, brought under an act of parliament authorizing such action, the answer set up that the act required every action under it to be brought within 12 months after the death, and that this action was not commenced within the 12 months. Plaintiff, replying to these allegations, as to the first, denied any knowledge or information sufficient to form a belief, and, as to the allegation in respect to the commencement of the action, denied the same on information and belief. *Held* that, as it appeared from the complaint that the action was commenced nearly two years after the death of plaintiff's intestate, the former denial might, on motion, be stricken out as sham, but that the denial as to the contents of the act, being in the language authorized by Code Civil Proc. § 514, and not being shown to be false by anything in the record, could not be so stricken out.

Appeal from special term, New York county.

Action by Thomas Cavanagh, as administrator, etc., of Jane Lingard Robinson, deceased, against the Ocean Steam Navigation Company, Limited, to recover damages for the death of said intestate. Plaintiff having served a reply to certain defenses contained in the answer, defendant made a motion to strike out denials in the reply as sham, which was denied. From the order denying this motion, defendant appeals. For prior reports, see 1 N. Y. Supp. 418, 9 N. Y. Supp. 198.

Code Civil Proc. N. Y. § 514, provides that "the reply must contain a general or specific denial of each material allegation of the counter-claim, controverted by the plaintiff, or of any knowledge or information thereof sufficient to form a belief;" and section 516 provides that a reply to new matter contained in the answer, when directed by the court, shall be "subject to the same rules as in the case of a counter-claim."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Wheeler, Cortis & Godkin,* (*Lawrence Godkin,* of counsel,) for appellant. *Thomas P. Wickes* and *James Hillhouse,* for respondent.

VAN BRUNT, P. J.   This action was brought to recover damages for the death of the plaintiff's intestate. On the 19th of May, 1887, the deceased was a passenger upon the British ship Britannic, which on said day came into collision with the British ship Celtic, upon the Atlantic ocean, in which the deceased received injuries which instantly caused her death. On the 2d of May, 1889, the plaintiff was appointed administrator *de bonis non* of the deceased, and in the same month this action was commenced by virtue of an act of parliament authorizing such an action. The defendant answered denying any negligence, and also set up for a separate defense that the said act of parliament required that every action commenced thereunder should be begun within 12 calendar months after the death of such deceased person; and

that this action was not commenced within 12 calendar months after the death of the plaintiff's intestate. The plaintiff, having been directed by the court to reply to these allegations of the answer, as to the first, denied that he had any knowledge or information sufficient to form a belief as to the same, and, as to the allegation in respect to the commencement of the action, denied the same upon information and belief. The defendant moved to strike out these allegations of the reply as sham, which motion was denied; and, from the order thereupon entered, this appeal is taken.

The denial of the allegation contained in the answer that this action was not commenced within 12 calendar months after the alleged death of the plaintiff's intestate seems to be deliberate perjury. The plaintiff, in his complaint, alleged that his intestate came to her death in May, 1887, and he further alleged that he was appointed administrator *de bonis non* in May, 1889, nearly two years thereafter. He knew that this action had not been commenced before the plaintiff was in existence. He swore to the complaint on the 15th of May, 1889, nearly two years after the death of the intestate. It is impossible but that he knew he was swearing falsely when he denied, upon information and belief, that no more than 12 months had elapsed after the death of his intestate. We think that under these circumstances such a denial should be stricken out as sham, it being disproved by the facts disclosed upon the record itself.

As to the other denial, in reference to the contents of the act of parliament, although probably equally false, the court has no power to grant any relief. It is a denial of an allegation contained in the answer in the language authorized by the Code. There is nothing in the record itself which shows it to be false, as is the case in regard to the other denial heretofore mentioned. The rule is well settled that the simple denial of a fact alleged by way of complaint or defense which raises a general issue cannot be stricken out as sham. This is the nature of the denial in question, and consequently the court was right in refusing to strike the same from the record. The order should be reversed so far as it refuses to strike out the denial of the fourth allegation of the answer, and affirmed in respect to the denial of the third allegation of the answer, without costs.

DANIELS, J., concurs. BRADY, J., concurs in the result.